Yu v. Holder

BIA
Nelson, IJ
A094 934 753

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand fourteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

LINGQING YU,
> *Petitioner,*

> v.                                        10-5219
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Stephen J. Flynn, Assistant
                       Director; James A. Hurley, Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Lingqing Yu, a native and citizen of China, seeks review of a December 1, 2010 order of the BIA, denying her motion to remand and affirming the June 24, 2008 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on credibility grounds. *In re Lingqing Yu*, No. A094 934 753 (B.I.A. Dec. 1, 2010), *aff'g* No. A094 934 753 (Immig. Ct. New York City June 24, 2008). We previously granted partial summary denial of the petition, as it relates to the denial of the motion to remand, but directed briefing on Yu's challenge to the adverse credibility determination. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). We review the agency's factual findings, including its adverse credibility determinations, under the substantial evidence

2

standard.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Yu's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "When putative inconsistencies or implausibilities are not dramatic and the need to clarify is not obvious, an IJ has an obligation to inform the petitioner that his testimony is being viewed as potentially flawed, and the IJ must give the petitioner a chance to explain."  *Zhi Wei Pang v. Bureau of Citizenship and Immigration Servs.*, 448 F.3d 102, 109-10 (2d Cir. 2006). "[I]t is the IJ's duty to make sure that the record . . . includes both the alien's explanation for any non-'dramatic' discrepancies, on the one hand, and the IJ's reasons for rejecting 'significant' explanations, on the other."  *Ming Shi Xue v. Board of Immigration Appeals*, 439 F.3d 111, 125 (2d Cir. 2006)(emphasis omitted).  "We defer [] to an IJ's credibility determination unless, from the totality of the

circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination was based solely on three putative implausibilities in Yu's account of past harm. The government concedes that the IJ did not confront Yu with the perceived, implausible aspects of her account but contends that the IJ had no obligation to do so because the implausibilities were obvious. We disagree.

Initially, the perceived implausibility of Yu's departure from China was not so obvious as to relieve the IJ of her duty to solicit an explanation. Yu's application asserted that she was illegally smuggled out of China, and she testified that she traveled from Shinxian to Hong Kong by vehicle and had her passport with her when she left Hong Kong. The IJ found implausible that police were searching for Yu in Fujian Province but she was able to leave Hong Kong without incident. "The IJ failed to cite any materials, reports, or personal knowledge to support this conclusion," *Zhi Wei Pang*, 448 F.3d at 110, and found this to be the most serious implausibility. However, it is not obvious that a person wanted for investigation in Fujian

4

Province would be prevented from departing Hong Kong. Moreover, we have cautioned against implausibility findings based on foreign practices that are unsupported by any record evidence. *See, e.g., Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir. 2005). Although the government points to authority for the proposition that an alien's departure account may serve as a basis for an implausibility finding where the alien fails to adequately explain the implausibility, *see Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007), Yu was not afforded an opportunity to explain. "Even if the [implausibility] finding did have some support in the record, the putative flaw . . . is not dramatic enough that the IJ was relieved from the obligation to inform [Yu] . . . and give h[er] a chance to respond." *Zhi Wei Pang*, 448 F.3d at 110. Furthermore, although the IJ did ask Yu whether the Chinese government tried to stop her from leaving the country, this question "was general and exploratory in nature," *Zhi Wei Pang*, 448 F.3d at 109, and did not adequately signal to Yu a need to explain her testimony.

The IJ also erred by failing to confront Yu with the perceived implausibility concerning her parents' treatment in China. The IJ found implausible that Yu was arrested for

5

harboring her friend but her parents, who apparently owned the home, had no problems. However, this perceived implausabily was not dramatic because Yu testified that she was previously arrested for supporting Falun Gong, did not tell her parents that her friend was a Falun Gong practitioner, and actively assisted her friend by opening the backdoor so she could escape. Because it is not obvious that Yu's parents would be viewed as equally culpable and treated accordingly, the IJ was required to confront Yu with this perceived implausibility and afford her an opportunity to explain. *See Zhi Wei Pang*, 448 F.3d at 109-10; *Ming Shi Xue*, 439 F.3d at 125.

The IJ also failed to confront Yu with the perceived implausibility concerning her willingness to support Falun Gong in China. Yu indicated that she spoke out in support of Falun Gong because she was sympathetic to its followers who have been cruelly mistreated by the government. She testified that she ceased her public support for Falun Gong after her first arrest but agreed to harbor her Falun Gong practitioner friend because she feared that her friend would be arrested and persecuted. The IJ found implausible that Yu would be willing to support Falun Gong in China but unwilling to practice it herself; the IJ assumed that the

6

only plausible reason that Yu would speak out publically in support of Falun Gong and harbor her Falun Gong practitioner friend is her own adherence to the tenets of Falun Gong. This perceived implausibility is non-obvious. Indeed, we have recognized that the decision to harbor individuals is often based on "humanitarian or charitable" considerations, which may nevertheless give rise to persecution on account of a protected ground. *See e.g., Jin Jin Long v. Holder*, 620 F.3d 162, 167 (2d Cir. 2010). The IJ was therefore required to confront Yu with this perceived implausibility and afford her an opportunity to explain. *See Zhi Wei Pang*, 448 F.3d at 109-10; *Ming Shi Xue*, 439 F.3d at 125.

The IJ's errors in assessing Yu's past persecution claim also infect the agency's assessment of her risk of future persecution, and the denials of withholding of removal and CAT relief, because an applicant who demonstrates past persecution is entitled to a rebuttable presumption of a well-founded fear and a likelihood of future persecution, 8 C.F.R. § 1208.13(b)(1); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 105 (2d Cir. 2006), and Yu's claims all shared a common factual predicate, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

7

For the foregoing reasons, the petition for review is GRANTED and the case is remanded for further proceedings consistent with this order.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk